UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 2:22-CV-77 |
| | ) |
| DAVID B. RAUSCH, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff, filing initially as John Doe, has presented to the Court a Motion to Proceed Under Pseudonym and for Protective Order [Doc. 8]. The pending motion is before the undersigned pursuant to 28 U.S.C. § 636 and is now ripe for resolution.

I.     **LAW AND ANALYSIS**

In his Motion to Proceed Under Pseudonym and for Protective Order (hereafter "Motion"), Plaintiff asks the Court to allow him to proceed under the pseudonym "John Doe." [Doc. 8] Plaintiff further requests that, pursuant to Fed. R. Civ. P. 26(c), the Court enter a Protective Order barring his name from being disclosed by requiring that any documents filed containing his name be maintained under seal. [Doc. 8].

a. **Request to Proceed Under a Pseudonym**

The Federal Rules of Civil Procedure require that federal lawsuits state the names of the parties. Fed. R. Civ. P. 10(a). Still, in certain circumstances, the court may allow a plaintiff to

proceed under a pseudonym. To obtain permission to do so, a plaintiff must show that his "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "The court considers several factors in making this determination, including: (1) whether the plaintiff seeking anonymity is suing to challenge a governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy;" (3) whether the litigation compels the plaintiff to disclose an intention to violate the law; and (4) whether the plaintiff is a child." *Doe v. Lee*, No. 3:22-CV-00181, 2022 WL 1210429, at *1 (M.D. Tenn. Apr. 22, 2022) (citing *Porter*, 370 F.3d at 560). The decision of whether to grant leave to proceed under a pseudonym is within the discretion of the Court. *Id.*

Plaintiff argues that his privacy interests "substantially outweigh the presumption of open judicial proceedings." [Doc. 8]. However, his analysis of the *Porter* factors only includes reference to the first factor, i.e., that he is challenging governmental activity. Specifically, Plaintiff notes that he is challenging the 2014 Amendment to Tennessee's Sex Offender Law.

The Court finds that, in this instance, the *Porter* factors weigh against allowing Plaintiff to use a pseudonym because he satisfies only the first of the four factors. Plaintiff does not explain what, if any, "information of the utmost intimacy" he will be compelled to disclose in the prosecution of this suit. As to the other factors, in absence of information to the contrary, the Court must assume that Plaintiff does not intend to violate the law and his pleadings make it clear that he is not a child. As such, those factors do not support Plaintiff's request to proceed under a pseudonym. *Porter*, 370 F.3d at 560. Beyond the *Porter* analysis, Plaintiff claims that his status as a sex offender exposes him and his family to a "significant and substantial risk of harm." [Doc. 8].

However, he offers no evidence to support this assertion beyond noting the general stigma that accompanies a person's designation as a sex offender. The Court must presume that Plaintiff already carries this stigma as a registered sex offender, although the Court acknowledges that this litigation may result in heightened attention to Plaintiff's status.

Under the circumstances, while acknowledging Plaintiff's concerns, the Court cannot find that his privacy interests "substantially outweigh the presumption of open judicial proceedings." *See Porter*, 370 F.3d at 560. As such, the Court finds that Plaintiff must pursue his claims under his true name.

**b. <u>Request for Protective Order</u>**

In Plaintiff's Motion, citing to Fed. R. Civ. P. 26(c), he further requests a protective order requiring that all pleadings filed which bear his name be maintained under seal. Plaintiff does not provide further support for the request. The Court notes that pursuant to Fed. R. Civ. P. 26(c), a protective order is available to "a party or any person from whom discovery is sought." The court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). To establish the good cause necessary to obtain a protective order, the moving party must provide "specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on merely conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)).

For the reasons explained above, Plaintiff has failed to provide specific facts showing a clearly defined and serious injury that is likely to result if this Court does not enter a protective order shielding his true name from disclosure. Therefore, Plaintiff's request for a protective order is denied.

### c. Request to Seal Documents Filed in the Court's Record

Defendant's Motion similarly requests the sealing of documents in the record, again without any further legal support for the proposition. "The courts have long recognized . . . 'a strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). Accordingly, "the party that seeks to seal" court records bears the burden of overcoming the presumption. *Shane Grp., Inc.*, 825 F.3d at 305. "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983). "In civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594-95 (6th Cir. 2016) (internal quotation marks and citation omitted). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). Similarly, "a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public,'" even if neither party objects to the motion to seal. *Id*. at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). "A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody." *Id*. at 307. This is because litigants cannot waive the public's First Amendment and common law rights of access to court filings. *Rudd*, 834 F.3d at 595. The "greater the public interest in the litigation's

subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305.

The information that Plaintiff seeks to have sealed—his true name—does not fall into one of the categories established by the Sixth Circuit to support sealing. His name does not constitute a trade secret, the request is not covered by a recognized privilege, and it is not information required by statute to be maintained in confidence. *See Rudd*, 834 F.3d at 594-95. Additionally, Plaintiff has demonstrated any specific facts that would provide the Court with grounds to deny the public their constitutional right to access to the records in this preceding. As such, the Court is unable to grant Plaintiff's request for sealing. Should Plaintiff believe that there is legal support to seal particular documents and pleadings over the course of the litigation because of their content, Plaintiff may renew his motion as to them, subject to the requirement that he provide with specificity the legal basis for the request.

## II. CONCLUSION

For the reasons set forth above, Plaintiff Motion [Doc. 8] is **DENIED**. Plaintiff must proceed in this matter under his true name and the Court will not order the sealing of any pleadings or documents in this matter at this time. An amended complaint using Plaintiff's true name must be promptly filed.

SO ORDERED:

                                                          s/Cynthia Richardson Wyrick
                                                          United States Magistrate Judge